TOMASZ SLUBERSKI, INDIVIDUALLY; JOSEPH SLUBERSKI, AN INFANT BY TOMASZ SLUBERSKI, HIS NEXT FRIEND, AND HELENA SLUBERSKI, PLAINTIFFS, v. DAVE WAGMAN, DEFENDANT.

Decided February 11, 1932.

For the plaintiffs, *William George.*

For the defendant, *Coult, Satz & Tomlinson.*

ACKERSON, C. C. J. The plaintiffs having been injured in an automobile accident recovered verdicts against the defendant in the following amounts: Tomasz Sluberski, $4,000; Joseph Sluberski, $3,900, and Helena Sluberski, $200. The matter now comes before me on a rule to show cause why the verdicts in favor of Tomasz and Joseph Sluberski should not be set aside and a new trial granted on the ground that they are excessive. No rule was taken as to the plaintiff Helena Sluberski.

So far as the verdict in favor of Tomasz Sluberski is concerned, it involved his personal injuries, doctor's bills for himself, wife and son, hiring a man to take his place on the farm, and damage to his automobile. The out-of-pocket expenses, including damage to the automobile, amounted to approximately $1,400. This would leave $2,600 to compensate for personal injuries, including pain, suffering and incapacity. There was evidence from which the jury could have found that this plaintiff suffered strain of the sacro-iliac joint resulting in a permanently tender condition of the back and impairment of physical powers so that plaintiff cannot do heavy work as he did before the accident, which condition is likely to be permanent. Also inflammation and irritation of the left knee, laceration of the left hand, and a contusion of the fourth knuckle and contusion and cut on the middle finger of this hand. After the accident a condition of the heart known as angina pectoris developed, which the attending physician attributed to the accident, but which plaintiff's expert did not. The former said this condition is serious, the latter said it is not. The condition is painful when the spasms come on.

In any event it is apparent that the verdict of $4,000 for this plaintiff is not excessive, and it will not be disturbed.

Turning now to the verdict of $3,900 in favor of Joseph Sluberski, we find that he was fifteen years old at the time of the accident. The jury were justified in finding that he sustained a laceration on the forehead which required seven stitches and resulted in an irregular keloid scar which is bleaching out to some extent; and a laceration on the side of the head, which required one stitch and resulted in a small keloid scar, but which is hidden by the hair of the head. Also a laceration of the right ring finger, which required two stitches, resulting in a keloid scar one and a half inches long, which sometimes bleeds in cold weather. All of these scars are permanent but not especially disfiguring. The boy was in the hospital six days, and there was evidence of continuing headaches, dizziness and nervousness, but the physicians could not say how long such complaints would last.

It seems to me that the evidence respecting this boy's injuries will not justify a verdict of over $2,000. If he will file his acceptance of a reduction of the verdict to $2,000 before March 1st, 1932, it may stand for that amount and the rule to show cause will be discharged, otherwise it will be made absolute and a new trial ordered as to this plaintiff's damages only. The rule will be discharged as to the other plaintiff, Tomasz Sluberski.